IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3359-FL

| | |
|---|---|
| CHRISTOPHER NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CARLIN R. FRETT and DR. JAMES D. ) | |
| ENGLEMAN, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the parties' cross motions for summary judgment (DE 50, 56, 60), defendant Dr. James Engleman's ("Engleman") motion to seal records filed in support of his response to plaintiff's motion (DE 55), and plaintiff's motion for settlement conference (DE 66). The issues raised are ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint November 28, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution. Defendant Engleman is a medical doctor and he worked at the Craven Correctional Institution ("CCI") during the relevant time period. Defendant Carlin Frett ("Frett") held a nursing position at CCI. As relief, plaintiff seeks compensatory and punitive damages.

Following a period of discovery, and in accordance with the court's case management

order, the parties filed the instant cross motions for summary judgment. By his motion, plaintiff argues the record evidence shows, as a matter of law, that defendants were deliberately indifferent to his broken hand. In support, plaintiff relies on defendants' discovery responses, medical records, and his personal declaration. Defendants responded in opposition to plaintiff's motion, relying on personal declaration of defendant Engleman and plaintiff's medical records.

By the instant cross motions for summary judgment, defendants argue that the undisputed record evidence shows that were not deliberately indifferent to plaintiff's injury, and defendant Engleman raises the affirmative defense of qualified immunity. In support, defendants rely upon memoranda of law, statements of material fact, and the same declaration of defendant Engleman and medical records filed in opposition to plaintiff's motion. Plaintiff responded in opposition to defendants' motions, relying upon his personal declaration, defendants' responses to his discovery requests, and the same medical records filed in the foregoing submissions.

Finally, plaintiff also moves for court-hosted settlement conference. Defendants did not respond to this motion.

## STATEMENT OF FACTS

Except as otherwise noted below, the court recounts the facts in the light most favorable to plaintiff. Plaintiff was in pretrial detention at a community detention center when he injured his left hand. (Pl's Decl. (DE 64-1) at 1–2).[1] On June 24, 2019, plaintiff presented to nursing staff at the detention center with swelling and bruising, and an x-ray ordered that same day showed a "mildly displaced comminuted fracture of the proximal fifth metacarpal with volar angulation"

---

[1] Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management / electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

which "appear[ed] to be acute." (Id. at 2; Medical Records (DE 64-2) at 3, 5). The detention center nursing staff provided Ibuprofen to treat plaintiff's pain. (Pl's Decl. (DE 64-1) at 2). The following day, a medical provider entered order for plaintiff to wear a splint, but he was unable to wear same due to pain in the hand. (Id.).

Plaintiff was transferred to CCI on June 28, 2019. (Id. at 3). That same day, plaintiff met with defendant Carlin Frett ("Frett"), a CCI nurse, for an evaluation, and he informed her that his hand was broken and he needed to be transferred to the hospital. (Id.). "The bone was sticking out of [plaintiff's] skin around the base of [his] left hand" during this visit. (Id.). Defendant Frett, however, refused to send plaintiff to the hospital, but she did coordinate with defendant Engleman to allow plaintiff to keep his splint. (Id. at 3–4). In addition, defendant Frett documented plaintiff's complaints regarding his injury and requested review by a nurse practitioner, who in turned ordered another x-Ray of plaintiff's hand. (Medical Records (DE 64-2) at 9, 42, 50; Pl's Decl. (DE 64-1) at 3). Finally, another nurse present during the June 28 evaluation provided plaintiff with ice to reduce the swelling. (Pl's Decl. (DE 64-1) at 3). Plaintiff did not have any further interactions with defendant Frett regarding his hand. (See id. at 3–6; Medical Records (DE 64-2)).

Turning to defendant Engleman, the medical doctor assigned to plaintiff during his time at CCI, he also refused plaintiff's request to go to the hospital June 28, 2019. (Pl's Decl. (DE 64-1) at 4). In the following weeks, defendant Engleman declined to refer plaintiff to an orthopedist for specialist care or arrange for him to receive a cast for the hand. (Id. at 4–6). However, defendant Engleman reviewed the x-ray results that came back pursuant to the nurse practitioner's order, and he ordered a second x-ray on or about July 16, 2019. (See id. at 4; Medical Records (DE 64-2) at

3

20, 22, 35, 37–38). In the interim, plaintiff received ice treatments and defendant Engleman prescribed 800 milligrams of ibuprofen, three times per day for 90 days. (Medical Records (DE 64-2) at 16; Pl's Decl. (DE 64-1) at 5). In August 2019, defendant Engleman reviewed the second x-ray and determined that the proper course of treatment was "no intervention now other than follow up." (Medical Records (DE 64-2) at 37–38). Finally, although defendants allowed plaintiff to continue using the splint he arrived with, they did not order a new splint that would fit his swollen hand. (Pl's Decl. (DE 64-1) at 5).

## DISCUSSION

A. Motions for Summary Judgment

1. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).[2]

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome

---

[2] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

    2.    Analysis

The court begins with defendants' motions for summary judgment. Under the Eighth Amendment, prison officials' "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir.

5

Case 5:22-ct-03359-FL    Document 67    Filed 09/30/25    Page 5 of 9

2014). The inmate must demonstrate both a serious medical need, and that prison officials were deliberately indifferent to that need. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). The first prong is objective – the prisoner must show that "the deprivation of [a] basic human need was objectively sufficiently serious." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). In the medical context, a basic human need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241.

The deliberate indifference standard requires "that a prison official know of and disregard the objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); see Farmer v. Brennan, 511 U.S. 825, 837 (1994). An inmate therefore must demonstrate the prison official's "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." Jackson, 775 F.3d at 178. In addition, negligence or medical malpractice in diagnosis or treatment do not standing alone establish an Eighth Amendment claim for deliberate indifference. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); see also Estelle v. Gamble, 429 U.S. 97, 105–08 (1976). Thus, "disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim." Wright, 766 F.2d at 849.

Here, plaintiff establishes at most a disagreement with defendants regarding the proper treatment for plaintiff's injury. Defendants evaluated plaintiff's hand, ordered two x-rays, and defendant Engleman reviewed the results of same and determined no intervention was necessary. (Medical Records (DE 64-2) at 20, 22, 35, 37–38; Pl's Decl. (DE 64-1) at 4). To treat plaintiff's discomfort during the acute phase of the injury, plaintiff was prescribed 800 milligrams of

6

Ibuprofen three times a day, and ice packs. (See Medical Records (DE 64-2) at 16; Pl's Decl. (DE 64-1) at 5). Even assuming, without deciding, that this treatment fell short of the applicable standard of care, that is insufficient standing alone to show deliberate indifference. See Wright, 766 F.2d at 849; see also Jackson, 775 F.3d at 178 ("Though hindsight suggests that Lightsey's treatment decisions may have been mistaken, even gravely so, we agree with the district court that Jackson's claim against Lightsey is essentially a disagreement between an inmate and a physician over the inmate's proper medical care, and we consistently have found such disagreements to fall short of showing deliberate indifference.").[3]

The same analysis applies to defendant Frett, who played a minor role in plaintiff's treatment. Defendant Frett referred plaintiff for an x-ray and coordinated care with a nurse practitioner and defendant Engleman, the medical doctor. (Pl's Decl. (DE 64-1) at 3–4; Medical Records (DE 64-2) at 9, 42, 50). She was also present when another nurse provided ice for plaintiff's hand. (See Pl's Decl. (DE 64-1) at 3). While it is true that she refused to send plaintiff to the hospital or provide further treatment, such a disagreement with medical professionals does not rise to the level of deliberate indifference for the reasons explained above.

In response to defendants' arguments, plaintiff asserts in conclusory fashion that the medical records are fabricated, and that defendants failed to provide treatment despite his constant reports of extreme pain. (Pl's Decl. (DE 64-1) at 4, 6–7). But these conclusory assertions, without more, are insufficient to create a triable issue of fact on summary judgment. See Wai

---

[3] At times, the parties have read plaintiff's complaint to include claim for medical malpractice under North Carolina law. (See May 9, 2024, order (DE 33) at 3–4 (discussing parties' arguments in briefing on motions to dismiss)). But upon further review, plaintiff does not plead any facts suggesting such a claim in the operative complaint. (See DE 1 & accompanying exhibits). In addition, plaintiff does not address any medical malpractice or other state law claim in his summary judgment submissions. (See DE 43, 50, 51, 64, 65). The court therefore does not construe plaintiff's complaint as asserting any claims under state law.

Man Tom v. Hospitality Ventures, 980 F.3d 1027, 1037 (4th Cir. 2020) (explaining "conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion").

As a result, the undisputed record evidence shows defendants were not deliberately indifferent to plaintiff's broken hand. Defendants' motions for summary judgment are granted, and plaintiff's cross motion is denied.

2. Motion to Seal

Defendant Engleman moves to seal his response to plaintiff's motion for summary judgment and records filed in support of same. The court has reviewed and considered the motion under the governing standard. Doe v. Public Citizen, 749 F.3d 246, 266–67, 272 (4th Cir. 2014). Plaintiff does not oppose sealing these records, and the public has received adequate notice of the motion to seal. Plaintiff's interest in the confidentiality of his medical records requires sealing in this instance. See Local Civil R. 26.1(a)(1).

3. Motion for Settlement Conference

Plaintiff also moves for court-hosted settlement conference. Defendants have not consented to participating in any settlement conference. In addition, as a result of the rulings herein, this motion must be denied as moot.

**CONCLUSION**

Based on the foregoing, defendants' motions for summary judgment (DE 56, 60) and defendant Engleman's motion to seal (DE 55) are GRANTED. Plaintiff's motion for summary judgment (DE 50) and his motion for settlement conference (DE 66) are DENIED. The clerk is DIRECTED to maintain docket entry 54 under seal, and to close this case.

SO ORDERED, this the 30th day of September, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge